IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Basil W. Akbar, *a.k.a. Melvin T. Brown*,  )<br>)<br>Petitioner,  )<br>)<br>)<br>v.  )<br>)<br>Michael McCall, Warden  )<br>)<br>Respondent.  )<br>) | C/A No. 0:13-549-DCN-PJG<br><br><br><br>REPORT AND RECOMMENDATION |
| Basil W. Akbar,  )<br>)<br>Petitioner,  )<br>)<br>)<br>v.  )<br>)<br>Michael McCall,  )<br>)<br>Respondent.  )<br>) | C/A No. 0:13-702-DCN-PJG<br><br><br><br>REPORT AND RECOMMENDATION |

The petitioner, Basil W. Akbar ("Petitioner"), a self-represented state prisoner, filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which have been consolidated for purposes of review.[1] Petitioner files these actions *in forma pauperis* under 28 U.S.C. § 1915. These Petitions are before the court pursuant to 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petitions in accordance with applicable law, the court concludes that they should be summarily dismissed.

---

[1] The court received the Petition for C/A No. 0:13-549-DCN-PJG on February 26, 2013. (ECF No. 1-5.) The Petition for C/A No. 0:13-702-DCN-PJG was received by the court on March 14, 2013. (ECF No. 1-7.) The Petitions challenged separate convictions and Petitioner provided no indication that he intended the second Petition to be construed as an amended pleading. Therefore, while the cases have been consolidated for review, they are docketed as separate actions.

I.   Factual Background

Petitioner is confined at Lee Correctional Institution, a facility of the South Carolina Department of Corrections, serving a life sentence for murder imposed on September 8, 1971. (C/A No. 0:13-549-DCN-PJG, ECF No. 1 at 1.) Petitioner did not file a direct appeal of his guilty plea to the murder charge. (*Id.* at 2.) However, Petitioner did file an Application for Post-Conviction Relief (PCR) on March 22, 1972, which the state court dismissed with prejudice on November 17, 1972. (*Id.* at 3.) Petitioner was granted parole on April 8, 1981. (ECF No. 1-2 at 2.) The state court revoked Petitioner's parole in 1985, after drug offense convictions discussed below. (*Id.*) Petitioner indicates that he filed a second PCR Application on June 24, 1996, which the state court summarily dismissed on April 21, 1998, a third PCR Application on September 6, 2006, which the court likewise dismissed on November 16, 2006, and a fourth PCR Application on September 12, 2012, which was also summarily dismissed on October 4, 2012. (ECF No. 1 at 3–4, 8; *see also* ECF No. 1-2 at 2; ECF No. 1-4.) Petitioner failed to timely appeal the dismissal of his first PCR action. (ECF No. 1 at 5.) However, Petitioner appealed the dismissal of his second, third and fourth PCR cases to the South Carolina Supreme Court, which denied Petitioner's "motion to proceed with post-conviction relief actions" on December 6, 2012, and also denied a petition for rehearing. (*Id.* at 5, 8; *see also* ECF No. 1-4 at 4–5.)

Petitioner further challenges his 1985 convictions and sentences for drug offenses. (C/A No. 0:13-702-DCN-PJG, ECF No. 1 at 1.) In April of 1985, a jury in the Richland County Court of General Sessions found Petitioner guilty of trafficking cocaine and possession with intent to distribute marijuana, resulting in sentences of confinement for fifteen years and five years respectively. (*Id.* at 1–2.) A second jury found Petitioner guilty of additional charges of trafficking in marijuana and trafficking in cocaine, resulting in a concurrent sentence of ten years

for the marijuana offense and a consecutive twenty-five year sentence for the cocaine offense in June of 1985. (*Id.*) Petitioner filed direct appeals for the convictions, which were consolidated. (*Id.* at 2.) The South Carolina Supreme Court affirmed Petitioner's drug convictions on July 31, 1989. (*Id*; *see also* ECF No. 1-6 at 4–5.) Petitioner then filed PCR Applications for the drug convictions on March 15, 1991, which the state court also consolidated for review. (ECF No. 1 at 7.) The state court denied and dismissed Petitioner's PCR action on October 14, 1992. (*Id.*) Petitioner filed a second PCR Application on June 24, 1996, *id.*, which the state court conditionally dismissed on September 15, 1997, with a final order of dismissal issued on April 21, 1998. (*Id.* at 18.) The Petition also reflects summary dismissal of a third PCR Application, filed on September 27, 2012, by the state court on October 9, 2012. (*Id.* at 18, 29.) Petitioner filed an appeal with the South Carolina Supreme Court, which was dismissed on December 6, 2012. ( *Id.* at 29.)

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petitions filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys,



*id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson,* 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B. Analysis

The instant Petitions are the second § 2254 habeas corpus actions filed by Petitioner in this court challenging his 1971 murder conviction and 1985 drug convictions. *See Akbar v Padula*, C/A No. 9:06-907-DCN, 2006 WL 3743849 (D.S.C. Dec. 15, 2006). Petitioner's prior habeas action challenging the 1971 and 1985 convictions resulted in summary judgment in favor of the Respondent on December 15, 2006. *Id.* Petitioner appealed the dismissal of his federal habeas petition to the Fourth Circuit Court of Appeals, which affirmed the district court's

decision. *See Akbar v. Padula*, No. 07-6078, 2007 WL 2963706 (4th Cir. Oct. 10, 2007) (unpublished opinion).

Under the AEDPA, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see also* 28 U.S.C. § 2244(b). Petitioner alleges that the AEDPA does not apply to this case due to the Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) (recognizing that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial."). (C/A No. 0:13-549-DCN-PJG, ECF No. 1 at 15; C/A No. C/A No. 0:13-702-DCN-PJG, ECF No. 1 at 36.) However, because *Martinez* "is an equitable ruling which did not establish a new rule of constitutional law," the case does not provide authorization for Petitioner to proceed with a second or successive habeas corpus petition under 28 U.S.C. § 2244(b)(2)(A). *Wigfall v. McCall*, C/A No. 0:12-2090-RMG, 2012 WL 4981382, at *2 (D.S.C. Oct. 17, 2012); *see also Davis v. McCall*, C/A No. 4:11-3263-MGL, 2013 WL 1282128, at *11 (D.S.C. March 25, 2013) ("*Martinez* creates a narrow equitable ruling, not a constitutional ruling"); *United States v. Barber*, C/A No. 5:05cr15-1, 2012 WL 3990243, at *1 n. 2 (W.D. Va. Sept. 10, 2012) (citing *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012)).

For this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence

provisions."); *see also In re: Williams*, 330 F.3d 277 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within Petitions in the district court, this court does not have jurisdiction to consider them.

III.    Conclusion

Accordingly, it is recommended that the Petitions for a writ of habeas corpus in the above-captioned cases be dismissed *without prejudice* and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 3, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).