IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Basil W. Akbar, *a.k.a Melvin T. Brown*, | ) | C/A No. 0:13-cv-549DCN |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| Basil W. Akbar, | ) | C/A No. 0:13-cv-702 DCN |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The above referenced cases are before this court upon the magistrate judge's recommendation that the petitions for a writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984 ).[1]  Objections to the magistrate judge's report and recommendation were timely filed on May 24, 2013.

A <u>de novo</u> review of the record indicates that the magistrate judge's report accurately summarizes these cases and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and the petitions for writ of habeas corpus are **DISMISSED** without prejudice and without requiring respondent to file a return.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

July 3, 2013
Charleston, South Carolina

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1] In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.